UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA MCMATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-961-JAR |
| | ) |
| UNITED STATES IMMIGRATION | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Sheila McMath's submission of a civil complaint and motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, as explained below, the Court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted, and will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis*

if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

The complaint is handwritten on a Court-provided form.  In the caption, Plaintiff identified the defendants as "United States Immigration Department" and "Missouri Immigration Department." (ECF No. 1 at 1).  Elsewhere in the complaint, Plaintiff indicates an intent to name Commerce Bank as a defendant.

The complaint is a compilation of disjointed and nonsensical statements that defy rational interpretation. Plaintiff invokes both federal question and diversity jurisdiction. In the section of the form complaint provided for Plaintiff to list the specific federal statutes or constitutional provisions at issue in this case, she wrote:

> Board of Education deny education
> Employment deny employment laws/rules (progress)
> Proper Houses/Home without satellite images
> Religion's Freedom or Freedom of Religion
> Private Information bank account/documents

*Id.* at 3. In the section of the form complaint provided for Plaintiff to list the federal officials or agencies involved in this case, she wrote:

> St. Louis Civil Rights Enforcement Agency
> Commerce Banks
> Department of Labor
> City Hall St. Louis Missouri
> United States Representatives (Missouri)

*Id.* In the section of the form complaint provided for Plaintiff to identify the amount in controversy, she wrote: "I have received unjust and mistreatment with disrespect for 25 years. The amount 15 millions dollars." *Id.* at 4.[1] In the section of the form complaint titled "Statement of Claim," Plaintiff wrote:

> I had went to the Urban League for payment Gas Bill
> I walked going to the bus stop hypnotize witchcraft trip/fell on the ground.
> I had fell legs up with my dress, this was humiliate and indignant/disrespect.
> I had went doctor sprained my knee and leg couldn't sleep without pains walking was problems
> It happen July 2022 sidewalk Page/Martin Luther King Street
> These secret organizations are sport gambler Mafia, Pimps, gang members
> They are use me (Sheila McMath) for Good Luck Charm or Lucky Charm (I do not gamble need Stop use Good Luck Charm)
> If things are wrong for people. They want give me sufferings and punishment without reasons need stop.

---

[1,2,3] The text is quoted verbatim without correction of spelling or grammatical errors.

3

*Id.* at 5.[2] In setting forth her prayer for relief, Plaintiff wrote:

> I want court honor my court case <u>Stop</u> reject them.
> The judge listen to my words talk with him or woman.
> It have been too many long years need go away from my life.
> I need restricted/restrained order if I have troubles/problems.

*Id.*[3] Plaintiff also provides a series of calculations, and indicates she seeks $72,161.00.

Provided with the complaint is an 80-page attachment that contains a variety of materials, including bank statements, documents concerning potential employment, and correspondence from Plaintiff addressed to various individuals, including the Vice President of the United States. The statements in the correspondence are similar in nature to those in the complaint.

Since 2015, Plaintiff has filed six civil cases in this Court that were dismissed upon initial review. *See McMath v. Woodford et al.*, No. 4:15-cv-552-ERW (E.D. Mo. Apr. 8, 2015) (lack of subject matter jurisdiction); *McMath v. Campbell, et al.*, No. 4:15-cv-853-AGF (E.D. Mo. Jun. 9, 2015) (lack of subject matter jurisdiction); *McMath v. United States Immigration Department, et al.*, No. 4:15-cv-1860-JAR (E.D. Mo. Dec. 18, 2015) (frivolity); *McMath v. United States Immigration Department, et al.*, No. 4:17-cv-150-JAR (E.D. Mo. Feb. 13, 2017) (frivolity); *McMath v. Christian Jehovah's Witnesses, et al.*, No. 4:17-cv-2288-JAR (E.D. Mo. Sep. 8, 2017) (frivolity); and *McMath v. United States Immigration, et al.*, No. 4:20-cv-305-AGF (E.D. Mo. Mar. 19, 2020) (frivolity and failure to state a claim).

## Discussion

Despite having carefully reviewed and liberally construed the complaint, the Court cannot discern Plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not done so. While

4

this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Additionally, Plaintiff's allegations are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that Plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of October, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE